# 1621-14

NO. 01-14-0005-CR

ORIGINAL

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 24 2015

Abel Acosta, Clerk

Jesse Lopez

v.

THE STATE OF TEXAS

Petition in Cause No. 1296762 from the

351st District Court of Harris County, Texas and
the Court of Appeals for the
First District of Texas

Petition For Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

Jesse Lopez   #01898721
Neal Unit - 9055 Spur 591 - Amarillo. TX 79107-9696
(832) 660-3877

1

# Table OF Contents

Index of Authorities ............................. pg. 3

Statement Regarding Oral Argument ............ pg. 4

Statement of the Case ......................... pg. 4

Statement of Procedural History ............... pg. 5

First Ground for Review ....................... pg. 5

The "court of appeals" conflicts with another court of appeals decision on the same issue. The court of appeals has decided an important question of state law that has not been, but should be, settled by the Crim. Ct. App. Question of state law in a way that conflicts with applicable decisions of Supreme Court of U.S. of A.

Reason for Review ............................ pg. 5

Second Ground for Review ..................... pg. 9

The petitioner did not have the benefit of a full and proper standard of review for Tex. C.C.P. Art. 36.00 (A)(1). A full and proper standard would have undoubtly benofitted the petitioners Direct Appeal. A court of appeals will benefit from a full and proper standard of review that can be applied to future cases.

Reason for Review .......................... pg. 9

Prayer for Relief .......................... pg. 14

Appendix .................................. pg. 14

Certificate of Service ..................... pg. 15

# Index of Authorities

## Cases

page

Cantue V. State, App. 13 Dist. 1983 662 s.w. 455 . . . . . . . . . . 9,11

cf. Peltier V. State, 626 s.w. 2d 30,31, (Tex. Crim. App 1982) . . . . 11

City of Dallas V. Mitchell, 245 s.w. 944, 945-946 (Tex. Crim. App). . . 6

Calder V. Bull, 3 Dall 386 (1798) . . . . . . . . 6

Davenport V. State, 574 s.w. 2d 73 (Tex. Crim. App. 1978) . . . . 9,11

Essary V. State (Crim. App. 1908) 53 Tex. Crim. 596. 111 s.w. 927 . . . 9,11

Ex Parte Sewell. 742. s.w. 2d 393-395 . . . . . . . 11

Ex Parte Preston, 833 s.w. 2d 512, 517 (Tex. Cr. App. 1992) . . . . . 8

Holsey V. State, App. 1887 5 s.w. 523 . . . . . . 11

Marbury V. Madison, 2 Dall. 175, 5 U.S. 137 . . . . . . 6

Mcleod V. State (App. 14 Dist. 2001) 56 s.w. 3d 704, Criminal Law 1166.20 . . 10

Murray's lessee V. Hoboken Land Co. 59. U.S. 272 . . . . . . 6

New Jersey Steam V. Merch Bank. 47 u.s. 344, 407 . . . . . . 6

Reed V. State. s.w. 2d 497, 499, (Tex. Crim. App. 1973) . . . . 7,8,

Sewell V. State. 742 s.w. 2d 393 (Tex. Crim. App. 1987) . . . . 8

Tamez V. State. (Cia. App.) 11 s.w. 3d 198 . . . . . 10

Trapnell V. Sysco Food Services. Inc. (App. 13 Dist 1992) . . . . 6

Turner V. State. 897 s.w. 2d 786 (Tex. Cr. App 1995) . . . . 8,11

U.S. V. Aldrich, 164 F. 3d 526 (8th Cir. 1999) . . . . 10

U.S. V. Lattener, 385 F. 3d 947 (6th Cir. 2004) . . . . 10

U.S. V. Moore. 115 F. 3d 1348 (7th 1998) . . . . 10

Van Horn's lessee V. Darrance, 2 Dall 304 . . . . 10

Warren V. State. 693 s.w. 2d 414. 415 . . . . 6

Welch V. State, 645 s.w. 2d 284, 285 (Tex. Crim. App. 1983) . . . 8, 11

## Constitutions

U.S. of A. Amend. 1 _____ 6

U.S. of A. Amend. 5 _____ 12

U.S. of A. Amend. 14 _____ 14

Tex Art. 1 §15 _____ 12, 6

Tex Art. 1 §19 _____ 6, 12

Tex Art. 1 §29

## Statutes And Rules

V. Ann. Tex. C.C.P. 1.03 (5) _____ 8

V. Ann. Tex. C.C.P. 36.01 (a) (1) _____ 4,5,6,7,8,9,10,11,12,

V. Ann. Tex. C.C.P. 37.07 sec 2. (b) _____ 4,5,6,7, 11,13

Tex. C.C.P. (1925) 642 _____ 9

T.R.A.P. 66.3 (a) _____ 5,9

T.R.A.P. 66.3 (b) _____ 5,7

T.R.A.P. 66.3 (c) _____ 5,8

T.R.A.P. 66.3 (d) _____ 5,9

T.R.A.P. 66.3 (f) _____ 5,6,7

Criminal Law 633 (2) _____ 10

Criminal Law 641 _____ 10

Criminal Law 1166.20 _____ 10

NO. 01-14-00005-CR

IN THE
COURT OF CRIMINAL
APPEALS
OF TEXAS

Jesse Lopez
v.
The State Of Texas

Petition in Cause No. 1296762 froma the
351'st District Court of Harris County, Texas and
the Court of Appeals for the
First District of Texas Supreme
Judicial District of Texas

Petition For Discretionary Review To The
Honorable Judges OF The Court OF Criminal
Appeals OF Texas:

Jesse Lopez, petitions the Court to review the judgement affirming his conviction for D.W.I. in cause No. 1296762

## Statement Regarding Oral Argument

The ground for review set forth in this petition calls for a complete standard of review to be set concerning Tex.CCP. Art. 36.01. There are conflicting opinions of different courts of appeals and conflicting opinions handed down by the Court of Criminal Appeals. Also, this petition shows reasons that call to question the constitutionality of part of Texas C.C.P. Art. 36.01 (a)(1) and Tex. C.C.P. Art. 37.07 sec.2 (b) argument would be helpful to the court in distinguishing these authorities and arriving at the approach that is consistent with the law of the land, due process, common law, Supreme law of the land, the United States of America's Constitution and the Texas' Constitution.

## Statement OF The Case

The petitioner was indicted on April. 29. 2011. On March 11, 2013 the enhancement paragraphs of that indictment were "Quashed". Without sending the the case back to the Grand Jury for the rendering of a valid indictment the trial was commenced on November 21, 2013. The petitioner was convicted by a jury of the third-degree felony offense of Driving While Intoxicated.

4

After a retired sit-in judge decided the allegations in two enhancement paragraphs were true, the court assessed punishment at thirty-five years confinement in the Texas Department of Criminal Justice Institutional Division. This conviction was affirmed by the Court of Appeals for the First District of Texas on November 20, 2014.

## Statement of Procedural History

The court of Appeals rendered its decision affirming petitioners conviction on November 20, 2014. A motion for extension of time to file a petition for Discretionary Review was filed. The time to file P.D.R. was extended to February 20, 2015. This petition was filed within that deadline.

## Ground For Review

The "court of appeals" decision conflicts with another court of appeals' decision on the same issue", T.R.A.P. 66.3 (a); the "court of appeals has decided an important question of state... law that has not been, but should be, settled by the Court of Criminal Appeals", T.R.A.P. 66.3 (b); the "court of appeals has decided an important question of state... law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States of America, T.R.A.P. 66.3 (c); (the "court of appeals... appears to have misconstrued a statute, rule, regulation or ordinance", T.R.A.P. 66.3 (d).) (The "court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals power of supervision. T.R.A.P. 66.3(F)

## Reason For Review

The "Court of appeals" in the First District of Texas agrees that in the present case, the mandatory reading of the enhancement paragraphs during the punishment phase did not happen. Nor was there a plea of "true" or "not true" to those enhancement paragraphs. However, the court of appeals held that since the punishment was assessed by the court that Tex. C.C.P. (ie, system of laws) Art. 36.01(a)(1) did not apply because that art. is a procedure for trial by jury.

This implies that when a defendant does not "Demand" their "right" to an "inviolate[d]" Trial by Jury" [Elect to have the jury assess punishment prior to trial, pursuant to Tex.C.C.P. Art. 37.07 Sec.2(b)] and is procedurally "Denied" their "right" to a "inviolate[d]" "Trial by Jury", pursuant to Tex.C.C.P. Art. 37.07, Sec.2(b), that

5

defendant is barred from appealing this trial procedure, because the court no longer has to follow this procedure (Tex. C.C.P. 36.01 (a)(1)). This creates an estoppel, which the Texas' Constitution Art 1 §15; Art 1 §29, were meant to protect against, see Trapnell v. Sysco Food Services, Inc. (App. 13 Dist 1992) 850 S.W. 2d 529, 545-46. Tex. C.C.P. Art. 37.07, sec 2., (b) infringes on "the right to trial by jury" which is to "remain inviolate" and it infringes on the vested right of a Direct Appeal. "When legislative encroachment... invade these original and permanent rights, it is the duty of the courts to so declare, and to afford the necessary relief" City of Dallas v. Mitchell, 245 S.W. 944. 945-46 (Tex Civ. App) What purpose do "Supreme Law of the Land", "due process of Law", "Constit. For U.S.A.", "Bill of Rights", "statutes", "regulations" have if no "executive" or "administrative" or "legislative", or "judicial" officers are compelled to adhere to them; or, are not held accountable for transgressions of them; or, there are no "courts" to enforce them; or, there are no consequences for abridging or infringing them; or, the right "to petition the government for a redress of grievances" is "supplanted" (R. Provd) or "subverted"; or rendered impotent thru various or insidious means? So, with "Constitutin" intended by America's founders to "secure and guarantee" "due process of law" as known to America's Founder's; and for good reason: To prevent those holding government positions from declaring whatever they desire as "due process" to the detriment of the American people. That is what King George III had done to them and they intended to prevent such from happening in the future. Various court rulings bluntly declare exactly what is stated immediately above: Calder v. Bull, 3 Dall. 386 (1798); Marbury v. Madison 2 Dall. 175, 5 US. 137. Murray's lessee v. Hoboken Land Co., 59 u.s. 272; Van Horn's lessee v. Darrance, 2 Dall. 304; New Jersey Steam v. Merch Bank, 47 US. 344, 407. The "Court of Appeals" has so far departed from the accepted and usual course of "judicial proceedings", T.R.A.P. 66.3 (F), of upholding the "constitutions" (American & Texan), " Law of the Land" and

ensuring "Due Process of Law" which protects "Life, liberty, and property". This "departure.... calls for an exercise of the Court of Criminal Appeals power of supervision". T.R.A.D. 66.3 (F)

This Court has already expressed having issues with Tex. C.C.P. art. 36.01, (a), (1) and 37.07. In Reed, 500 s.w.2d. 497,499 (Tex. CrimApp. 1973) the decision expressed that when "the penalty stage of the bifurcated trial was before the court alone... we find nothing in Art. 36.01 and 37.07, Vernon's Ann. C.C.P. or any other statute which mandatorily requires the reading of the enhancement portion of the indictment to the defendant and receiving his plea though such is the better and _accepted practice_ and to be commended." (underline added) The court of appeals in the First District of Texas should have ordered the trial court to adhere to the "accepted and usual course of judicial proceedings", instead they "sanction such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals power of supervision." T.R.A.P. 66.3 (F).

The Court of Appeals in the First District of Texas uses Reed as foundation in which to build other court of appeals decisions upon. Those court of appeals decisions bluntly state that when the trial court assesses punishment they do not have to read the enhancement paragraphs or receive a plea and that the issue can not be brought up for the first time on appeal as if those "important question[s] of state... law" have been decided. It is very clear that the decision in Reed purposely left these two questions undecided. This court merely stated that they could not find anything to support the mandatory reading and receiving of a plea during the assessment of punishment by the courts and that "It would also _appear_ that the appelant may not raise the question for the first time on appeal.", Reed at 499, [underline added]. Since the Court of Criminal Appeals has not closed those questions in Reed that means that "a court of appeals has decided an important question of state... law that has not been, but should be, settled by the Court of Criminal Appeals" T.R.A.P. 66.3 (b)

7

The "Court of Appeals has decided an important question of state... law in a way that conflicts with the applicable decision(s) of the Court of Criminal Appeals" T.R.A.P 66.3 (C). It is held in Welch v. State, 645 S.W. 2d 284, 285 (Tex.Crim.App. 1983) that the enhancement paragraphs must be read and a pled received before an issue can be joined between the state and the defendant. Then in Turner, 897 S.W.2d 786 (Tex. Crim. App 1945), the Court of Criminal Appeals found the support it was looking in Reed, "the error in not requiring a defendant to plead to the enhancement paragraphs harms the defendant by denying him the benefit of the rule in Sewell[1]" Turner at 789 [In Sewell "the state abandoned one of the enhancement paragraphs in the 1975 prosecution after the defendant pled "untrue" to it, this amounted to an acquittal for future enhancement purposes." Ex parte Preston, 833 S.W. 2d. 512, 513 (Tex. Crim. App. 1992)] Turner at 788 "not reading the enhancement paragraphs and having the defendant plead to them could mislead a defendant into believing that the state has abandoned the enhancement paragraphs. This defendant <u>might</u> take the stand and incriminate herself, like here, for purposes other than to subject herself to an enhanced sentence. see Art. 1.03(5), V.A.C.C.P.

[1] Sewell, 742 S.W. 2d 393 (Tex. Crim. App. 1987)

(one of the objects of the code is to insure a fair and impartial trial). Under these circumstances, it would be difficult to say sustaining the objection of a defendant, when she discovers the enhancement provision in the jury charge, cured the harm...

Because of the double jeopardy implications of failing to comply with Art. 36.01, and the potential for harm to a defendant's right to a fair punishment hearing and wasted judicial resources in future cases, it is not unreasonable, nor is it inconsistent with the purposes of the code [Art. 1.03 V.A.C.C.P.] to require the state to comply with the portion of Art. 36.01 at issue here.", Turner at 789. Also the decision in Turner was made after the issue was raised for the first time on appeal.

The "Court of Appeals decision conflicts with another Court of Appeals' decision on the same issue" as well. T.R.A.P. 66.3 (A) "Although this article applies only to trials before the jury, the same rule should be no less applicable to probation revocation hearings, which by their very nature are administrative in nature.", V.A.C.C.P. Art. 36.01, note 2, Cantue v. State (App. 13 Dist. 1983) 662 S.W. 2d. 455; see Davenport v. State, 574 S.W. 2d. 73 (Tex. Crim. App. 1978) It can be said that there is no meaningful distinction between the court assessing the punishment after a trial by jury and the court assessing the punishment in a probation revocation hearing. The "Court of Appeals" in the First District of Texas "appears to have misconstrued a statue, rule, regulation, or ordinance" T.R.A.P. 66.3 (d) (underline added)

# Ground For Review

The petitioner did not have the benefit of a full and proper standard of review for Tex. C.C.P. Art. 36.01 (A)(1). A full and proper standard would have undoubtedly benefited the petitioner's Direct Appeal. A court of Appeals' will benefit from a full and proper standard of Review that can be applied to future cases.

## Reason For Review

A standard of Review for Texas Code of Criminal Procedures Art. 36.01 (a) (1) can be broken in 3 prongs.

1.) Was the indictment read to the impaneled jury? (Vernon's Ann. C.C.P. 36.01. note 52. Mandatory requirement, reading; reading indictment or information." The provision of Vernon's Ann. C.C.P. 1925, art. 642, requiring the indictment or information to be read to the jury was mandatory and a failure to do so was cause for reversal. Essary v. State (Cri. App. 1908) 53 Tex Crim. 596, 111 S.W. 927)

2.) Was undue prejudice entered because priors were used for non-jurisdictional purposes? (V.A.C.C.P. Art 36.01 Note 64.

9

Admissability of prior convictions, reading indictment or information, "In cases in which the defendant agrees to stipulate to the 2 previous (D.W.I.) convictions necessary for trial court to exercise jurisdiction over prosecution for felony D.W.I., a proper balance between providing the jury with all the relevent facts while keeping substantially prejudicial evidence from reaching it is struck when the state reads the indictment at the beginning of trial, mentioning only the 2 jurisdictional prior convictions, but is foreclosed from presenting evidence of the previous convictions during it's case and chief." Tamez V. State (Cri. App. 2000) 11 S.W. 3d. 198, rehearing denied. on remand, 48 S.W. 3d 295. Criminal Law 633(2), Criminal Law 661; V.A.C.C.P. Art. 36.01, Note 65 Review, prior convictions, reading indictment or information, "Permitting state to read jury indictment containing allegations of defendants two prior convictions for driving while intoxicated (Dw.I.) as jurisdictional enhancements did not unduly prejudice defendant in prosecution for intoxicated manslaughter and felony (DwI), even though defendant agreed to stipulate to the two prior convictions, where state read indictment at beginning of trial and presented no evidence at the guilt-innocence phase regarding the prior conviction; and trial court instructed jury that prior convictions, where state read indictment at beginning of trial and presented no evidence at the guilt-innocence phase regarding the prior conviction; and trial court instructed jury that prior convictions could not be considered as tending to prove defendants guilt." Mc leod V. State (App. 14 Dst. 2001) 56 S.W. 3d 704, Criminal Law 1166.20; Regardless of whether the defendant stipulated to the jurisdictional prior, the state can not attempt to prove priors until punishment phase. "Evidence of a prior crime is always prejudicial to a defendant, diverting attention from pre-disposition. for a crime charged to improper issue of having bad character. U.S. V. Aldrich, 169 F. 3d 526 (8th Cir. 1999); U.S. V. Moore, 115 F. 3d. 1348 (7 Acir. 90) U.S. V. Lattener, 385 F3d-947, (6th Cir. 2004)

10

**3.)** Regardless of who assessed punishment, was the enhancement paragraphs read during the punishment phase and did the defendant pled to those enhancement paragraphs? (V.A.C.C.P. Art. 36.01. Note 2.) In general, "statute was merely directory, and its disregard was not cause for reversal unless there was cause to apprehend such disregard resulted injuriously to the rights of the defendant. In the conduct of trials, however, the directions prescribed by statute should be strictly followed, and especially when those directions are insisted upon by the defendant. The legislative's will should be observed and rigidly adhered to by the courts in matter of practice, as well as in all other respects." Holsey V. State (App. 1887) 5 S.W. 523; Cont. Note 2. "Although this article applies only to trials before jury, the same general rule should be no less applicable to probation revocation hearings, which by their very nature are administrative in nature." Cantue V. State (App. 13 Dist. 1983) 662 S.W. 2d 455, see Davenport V. State, 574 S.W. 2d. 73 (Tex. Cr. App. 1978); The reading of the enhancement paragraphs and receiving of a pled is mandatory, see Turner V. State 897 S.W. 2d. 786, 788-89; Warren, 693 S.W. 2d. 414, 415; Ex Parte Sewell, 742 S.W. 2d 393-395; cf Peltier V. State 626 S.W. 2d 30, 31 (Tex. Cr. App. 1982); Essary V. State, 53 Tex. Crim. App. 596, 111 S.W. 927; Without these steps no issue is joined between the state and the defendant, see Welch V. State 645 S.W. 2d at 285.

If the Court of Criminal Appeals decides against defendant and rules that article 37.07. sec. 2(b) is constitutional and that Art. 36.01 is not mandatory when the court assesses punishment. Then the beginning of the third prong should be: Did the defendant elect to have the jury assess punishment? Did the defendant change that election, Tex. C.C.P. 37.07, Sec 2.(b)

Under this Standard of Review, the present case would have been present on appeal to have multiple violations of Art. 36.01 (A) (1)

11

The first prong can be satisfied. The attorney prosecuting read the indictment to the impaneled jury.

The second prong was not satisfied. During the jury voir dare the prosecuter stated that jurisdictional priors must be proven beyond a reasonable doubt. Then after explaining how that would be accomplished, a venire person stated "Well, it's a done deal then. He's guilty" After some back and forth, 13 jurors were eliminated before the prosecutor closed the floodgates, see Trial Transcripts for Nov. 21, 2013, pg 31-40, but the defense attorney re-opened the issue. Two more jurors were eliminated. One of those jurors was juron No. one! see Tri. Trans. for 11/21/13 pg. 67-76. The prosecutor entered in the judgements for those priors during the guilt-innocence phase of trial, even though the defendant stipulated to the jurisdictional priors, causing "undue prejudice." This was not done unexpectantly. For the reason was to enter prejudice. Before trial, the prosecutor gave a "Notice to Defendant of States intent to use Extraneous offenses and prior convictions for impedchment and punishment." In closing arguments, the prosecutor used priors to show guilt proving that it was the prosecutors intent to use Tex.C.C.P Art. 36.01 as a means to enter prejudice, see Trial Tran. for 11/22/13 pg. 193. With the evidence stated above it creates the question, if Tex. C.C.P. 36.01, Reading of jurisdictional priors, is it at war against a defendants presumption of innocence? Is this Art. in violation of the guarantee of a fair trial?, Tex. Constitution art. 1 § 19; art. 1 § 29; U.S. of A. Constitution Amend 5, 14.

The third prong was not satisfied. The enhancement paragraphs were not read during the punishment phase. The defendant did not plead "true" or "not true" to the enhanced paragraphs. Even though the court assessed the punishment, the defendant actually elected to have

12

the jury assess the punishment. On Aug. 17, 2012 the defendant, through his counsel filed an "Election of Punishment prior to Trial", it states that the "Defendant hereby elects to have the Jury assess punishment" and it is signed by the defendant and his counsel. The defendant, upon being found guilty, did not choose to change that election, pursuant to T.C.C.P. art 37.07, Sec 2. (b).

The priors stipulated to, and used in the enhancement paragraph were to be "quashed", so it can be argued that the defendant was mislead as to which he was charged. The "Order" to the "Motion to Quash Enhancement Paragraphs" states "It is Therefore. Ordered, Adjudged, and Decreed that: Both enhancement paragraphs alleging enhancement under Chap. 12.42(d) T.P.C. are quashed and shall be removed from the indictment against the defendant." Signed by the elected Judge, Mark Ellis, pursuant to the Tex. Con. The trial record shows that the retired sit-in judge became aware that the charges changed and that "the old charges have the enhancement paragraphs allegations of the felonies." Trial Transcripts, see pg. 177-78

Aside from the fact that the trial was held in a "Kangaroo Court" [Judge must be elected pursuant to the Tex. Con.] Under American Law "secured and guaranteed" by the Constitution for the U.S. of A., "Law of Indictment" (See Wilson Works; Tucher's Blackstone's Comm.; Wharton. Crim.Law. Bishop, Crim-Law; Bouvier's Law Dict.; Various Supreme Court of U.S. (SCUS) rulings <u>no</u> "indictment" may be changed by any "DA" or "Judge" or "attorney" or "counsel" or "police"! The <u>only lawful</u> means to <u>change</u> any "indictment" in any way whatsoever, no matter how trivial or seemingly insignificant is to convoke the grand jury and present the facts, evidence, and law, and witnesses, anew; <u>then</u>

13

if affirmed by grand jury a new "proper" indictment is issued! An erroneous "indictment", especially one containing erroneous, irreleuant, immaterial, unsubstantive "charges" is "nugatory barring all proceedings against the accused!

<u>PRAYER FOR RELIEF</u>

Wherefore, the above facts and law patently demonstrate the wanton fraud committed by the "DA", "judge", "attorney", flagrantly transgressing "due process of Law" or "supreme law of the land", "Bill of Rights", 14th Amend. "Under Color of State Law" (42 U.S.C. 1983) necessitating by American Law Vacation of Judgement, Vacation of sentencing, acquittal of Defendant, compensatory damages, punitive, or exemplary, damages.

After compiling the errors together it is evident that this trial was a "Force of Justice" and it's verdict should not stand in any way. This case is in perfect position to be utilized to remove the evils that have crept into our system through legislative encroachment, but it is up to this court to "exercise" it's "authority".

Appendix

Petitioner does not have additional copies. Nor any means to make copies of the court of appeals opinion.

X _Jesse V. Lopez_

JESSE V. LOPEZ   # 01898721

Neal Unit - 9055 Spur 591 - Amarillo TX. 79107

(832) 660.3877

14

## Certificate Of Service

This is to certify that copies of the above-entitled and numbered petition for review have been served on both the District Attorney of Harris County, Texas, and the State Prosecuting Attorney, by delivery of a true copy to them on the 20th day of February ~~2008~~ 2015 by mail, by depositing same, postpaid, in an official depository under the care and custody of the 20th day of February 20015, enclosed in a properly addressed as follows

Harris County District Attorney's office
1201 FRANKLIN 6th Floor
Hou. TX. 77002

State Prosecuting Attorney
P.O. Box 12405
Austin. TX. 78711


X _Jesse V. Lopez_

Jesse V. Lopez #01898721
Neal Unit - 9055 Spur - Amarillo. TX. 79107
(832) 660·3877



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00005-CR

———————————

## JESSE LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Case No. 1296762

---

## O P I N I O N

A jury convicted appellant, Jesse Lopez, of the third-degree felony offense of driving while intoxicated—third offense.[1] After finding the allegations in two

---

[1]    *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2014).

enhancement paragraphs true, the trial court assessed punishment at thirty-five years' confinement. In his sole issue on appeal, appellant contends that the trial court violated Texas Code of Criminal Procedure article 36.01 by failing to receive a plea of "true" or "not true" to the allegations in the enhancement paragraphs before assessing appellant's sentence.

We affirm.

## Background

On February 23, 2011, appellant drove a van wildly around a corner onto a residential street in Katy, Texas and smashed into a parked truck and a basketball goalpost in a driveway before crashing into a neighboring house. Harris County Sheriff's Department deputies spoke with appellant, who admitted to drinking two beers, observed appellant swaying as he stood, and detected the smell of alcohol on appellant's breath. Deputies administered field sobriety tests to appellant, who demonstrated numerous clues of intoxication on each of the tests.

Because appellant had at least two prior convictions for driving while intoxicated ("DWI"), a grand jury indicted appellant for felony DWI—third offense under Penal Code sections 49.04(a) and 49.09(b)(2). *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2014). This offense carries a penalty range of two to ten years' confinement if not enhanced. *See id.* § 12.34(a) (Vernon 2011). If enhanced, this offense carries a penalty range of twenty-five

2

years' to ninety-nine years' confinement or confinement for life. *See id.* § 12.42(d) (Vernon Supp. 2014).

In addition to the two prior misdemeanor DWI convictions alleged for jurisdictional purposes, the indictment also contained two enhancement paragraphs, alleging that appellant had two further prior convictions for felony DWI. The indictment therefore read as follows:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **JESSE LOPEZ**, hereafter styled the Defendant, heretofore on or about **February 23, 2011**, did then and there unlawfully, operate a motor vehicle in a public place while intoxicated.
>
> It is further presented that before the commission of the offense alleged above, on DECEMBER 30, 1998, the Defendant was convicted of the offense of DRIVING WHILE INTOXICATED in Cause No. 9827592, in THE COUNTY CRIMINAL COURT AT LAW NO. 6, HARRIS County, Texas.
>
> It is further presented that before the commission of the offense alleged above, on FEBRUARY 22, 1999, the Defendant was convicted of the offense of DRIVING WHILE INTOXICATED in Cause No. 9907659, in THE COUNTY CRIMINAL COURT AT LAW NO. 15, HARRIS County, Texas.
>
> Before the commission of the offense alleged above, (hereafter styled the primary offense), on DECEMBER 14, 1999, in Cause Number 0826246, in the 179TH DISTRICT COURT, of HARRIS County, Texas, the Defendant was convicted of the felony of DRIVING WHILE INTOXICATED.
>
> Before the commission of the primary offense, and after the conviction in Cause Number 0826246, was final, the Defendant committed the felony of DRIVING WHILE INTOXICATED and was finally convicted of that offense on AUGUST 2, 2004, in Cause

3

Number 0996097, in the 232ND DISTRICT COURT, of HARRIS County, Texas.

The jury found appellant guilty of felony DWI as charged in the indictment.

Appellant elected to have the trial court assess punishment. The trial court did not begin the punishment phase of the trial by reading a copy of the indictment, including the enhancement paragraphs, to appellant, and it did not receive, at that time, appellant's plea of "true" or "not true" to the allegations in the enhancement paragraphs. Appellant did not object to the trial court's failure to do so. Instead, the punishment phase began with the trial court admitting into evidence appellant's stipulation of his prior criminal convictions plus the corresponding judgments and sentences. The stipulation included the following:

1)   I am the same JESSE LOPEZ convicted of the offense of DRIVING WHILE INTOXICATED in the 179th DISTRICT COURT of HARRIS COUNTY, TEXAS in Cause No. 0826246 on DECEMBER 14, 1999. I was sentenced to 4 years in the Texas Department of Corrections.

2)   I am the same JESSE LOPEZ convicted of the offense of DRIVING WHILE INTOXICATED in the 232nd DISTRICT COURT of HARRIS COUNTY, TEXAS, in Cause No. 0996097 on AUGUST 2, 2004. I was sentenced to 2 years in the Texas Department of Corrections.

These two convictions contained in the stipulation correspond to the allegations in the enhancement paragraphs of the indictment.

At the close of the punishment phase, the trial court had the following exchange with appellant:

4

| The Court: | Having reviewed the Stipulation of Evidence indicating that the enhancement paragraph allegations are true, I must ask you at this time, those allegations contained in the indictment which twice before you've been convicted of felonies, are they true or not true? |
|---|---|
| [Appellant]: | Yes, sir. |
| The Court: | Very well. I accept your plea of true to the two enhancement paragraph allegations contained in the State's indictment. Having been charged with a felony offense of driving while intoxicated, the Court having found the enhancement paragraph allegations to be true, and jury having found you guilty, as I said before, any reason why sentence of law should not now be pronounced against you? |
| [Appellant]: | No, sir. |

The trial court then assessed appellant's punishment at thirty-five years' confinement. This appeal followed.

## Reading of Enhancement Allegations

In his sole issue, appellant contends that the trial court violated Code of Criminal Procedure article 36.01 by failing to read the allegations in two enhancement paragraphs and receive a plea of "true" or "not true" to these allegations before assessing his sentence.

Code of Criminal Procedure article 36.01(a)(1) provides:

A jury being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:

> 1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment . . . reciting such convictions shall not be read until the hearing on punishment is held . . . .

TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007). The reading of the charging instrument is mandatory and serves the twin purposes of informing the accused of the charges against him and informing the jury of the charges against the accused. *Warren v. State*, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985). Article 36.01 is applicable to the punishment phase of a bifurcated trial. *Id.* at 415–16. Thus, in a jury trial, the reading of the charging instrument setting out the enhancement paragraphs, as well as the defendant's plea to the enhancement paragraphs, is mandatory during the punishment phase of the trial. *See Ex parte Sewell*, 742 S.W.2d 393, 395 (Tex. Crim. App. 1987); *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) ("There can be no question but that the enhancement portion of the indictment should be read to the jury if the punishment is to be assessed by the jury in light of Article 36.01(1).").

The Court of Criminal Appeals has also held, however, that when the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not mandate the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs. *See Reed*, 500

6

S.W.2d at 499; *see also Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("[Article 36.01] does not support Davis' argument that the trial court erred by failing to read the indictment before the punishment hearing because this article concerns the procedure for trial before a jury."); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd) ("[T]here is no requirement that the enhancement paragraphs be orally read to the defendant when punishment is assessed by the trial court alone."); *Simms v. State*, 848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("Appellant had the trial judge assess punishment; therefore, it was not necessary for the State to read the enhancement paragraphs, and appellant did not have to plead to them.").

When the trial court assesses punishment, a defendant is not required to state an oral plea to enhancement paragraphs on the record if he has previously stipulated to the allegations in the enhancement paragraphs. *Garner*, 858 S.W.2d at 659; *see also Reed*, 500 S.W.2d at 499 ("At the hearing on punishment, while represented by retained counsel, appellant stipulated to the truthfulness of the enhancement portion of the indictment. It would be difficult to say that he was misled as to that with which he was charged."); *Davis*, 970 S.W.2d at 749 ("Having stipulated to the truthfulness of these [enhancement] paragraphs, he cannot be heard to complain that he did not know the charges against him.").

Here, after a jury found appellant guilty of felony DWI, the trial court assessed appellant's punishment. The trial court did not read the indictment containing the two enhancement paragraphs at the beginning of the punishment phase.[2] Instead, the State introduced, and the trial court admitted, appellant's stipulation of his prior convictions and the corresponding judgments and sentences. Appellant stipulated that he had committed, among other offenses, the two felonies alleged in the enhancement paragraphs of the indictment. At the end of the punishment phase, prior to pronouncing appellant's sentence, the following exchange occurred:

| The Court: | Having reviewed the Stipulation of Evidence indicating that the enhancement paragraph allegations are true, I must ask you at this time, those allegations contained in the indictment which twice before you've been convicted of felonies, are they true or not true? |
|---|---|
| [Appellant]: | Yes, sir. |
| The Court: | Very well. I accept your plea of true to the two enhancement paragraph allegations contained in |

---

[2] We note that appellant did not object to the trial court's failure to read the enhancement paragraphs and receive his plea to the enhancement paragraphs. *See Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) ("It would also appear that appellant may not raise the question for the first time on appeal. Had there been an objection, the problem could have been easily remedied by reintroducing the evidence, if any had been offered after the enhancement allegations of the indictment had been read, and the appellant's plea thereto entered."); *Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("The Texas Court of Criminal Appeals has stated that an appellant may not raise this question for the first time on appeal."); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd) ("We find that appellant failed to preserve this point for appeal because he failed to object.").

>the State's indictment. Having been charged with a felony offense of driving while intoxicated, the Court having found the enhancement paragraph allegations to be true, and jury having found you guilty, as I said before, any reason why sentence of law should not now be pronounced against you?

[Appellant]: No, sir.

The trial court then assessed appellant's sentence at thirty-five years' confinement.

The record thus reflects that, although the trial court did not read the enhancement paragraphs aloud to appellant before assessing punishment, the court admitted appellant's stipulation that he had committed the prior offenses alleged in the enhancement paragraphs, received verbal confirmation from appellant that he had been convicted of those offenses, and stated on the record that it found the allegations in the enhancement paragraphs to be true. Because the trial court assessed punishment, and therefore was not required to read the allegations in the enhancement paragraphs to appellant, we hold that the trial court did not err. *See Reed*, 500 S.W.2d at 499–500; *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.— Houston [1st Dist.] 2005, pet. ref'd) ("When the trial court alone assesses a defendant's punishment, the court is not required to read . . . the enhancement paragraphs or the findings to the defendant."); *Davis*, 970 S.W.2d at 749; *Garner*, 858 S.W.2d at 659.

We overrule appellant's sole issue.

9

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Publish. TEX. R. APP. P. 47.2(b).

10

Jesse Lopez #01898721
Neal Unit
9055 Spur 591
Amarillo, TX. 79107-9696

Legal
Mail

1/ Appeals